JAS. D. READ, Ex'r of Chas. L. Read, deceased, v. NAT. WATKINS and WIFE et al.

WILLS. *Construction.* Ordinary words conveying the absolute title, will not, without superadded words giving unlimited power of disposition, defeat an executory devise.

FROM HAYWOOD.

Appeal from the Chancery Court at Brownsville. H. J. LIVINGSTON, Ch.

H. W. BOND, A. T. MCNEAL and MCCORRY & BOND for complainants.

R. W. HAYWOOD and SMITH & COLLIER for defendants.

DEADERICK, C. J., delivered the opinion of the court.

In June, 1877, complainant filed this bill in the chancery court at Brownsville, for the purpose of having a construction of the will of his testator.

Testator departed this life in December, 1869, leaving a widow and eleven children, and a large real and personal estate. He had been twice married, and left living children, or their representatives, by each of his wives. He made and published his will in March, 1866, and added a codicil thereto, November 18, 1869. His widow died a few years after testator's death.

The first clause of the will is as follows: "I loan to my beloved wife, Elizabeth M. Read, during her natural life, the tract of land on which I now reside, containing about twelve hundred acres, and I give and bequeath to her all my household and kitchen furniture, plantation tools and implements, carpenter's tools, and all the stock of every description, such as horses, mules, hogs, cattle and sheep, and all the wagons, carts, pleasure carriages, rockaways and buggy; all the corn, wheat, fodder, oats, rye, flour, meal, etc., not heretofore disposed of to J. D. & J. H. Read."

The second clause is as follows: "I give and bequeath to my said wife, after the payment of my just debts (including any that I have, or may execute to any of my children), all my crops of cotton on hand, except the one-fifth of the crop of 1864, and the one-sixth of the crop of 1865, which belongs to my son, J. H. Read. I also give and bequeath to my beloved wife all moneys that I may have on hand, all my bonds or notes and moneys on deposit, if any."

Clauses three and four devise lands to his children.

The fifth clause provides: "After the death of my beloved wife, and after all her debts are paid, I devise, will and direct that the property, real and personal, of which she may die seized and possessed, including any moneys she may leave, shall be equally divided among all my children and representatives of my deceased children, to-wit, * * (naming them), the children of my deceased children, to represent their parents and take the share their parents would have taken if living."

The sixth clause provides that should his wife give to any of his children, any part of the money or personal property he had given to her, such child or children should account for the same on the final division of his estate, as though made by himself. "So that part I may leave my wife may be equally divided among my said children."

The seventh. clause directs his executor not to have a public sale of any property not disposed of by the will, but this request was not to extend to any property left by his wife.

The eighth clause and last appoints his executor, Jas. D. Read, the complainant.

The codicil confirms a conveyance of a tract of land made to his daughter by him, and which was purchased by him at sheriff's sale as the property of her husband, and she is to be charged for it $1.800, to be deducted from her interest in his estate after his death and the death of his wife, when his estate is divided amongst his children.

The question submitted for determination of the chancellor, was whether the widow took under the will a life estate only in the personal property.

The chancellor held that she took under the first and second clauses of the will the absolute right to the personalty therein bequeathed her, and the defendants, children of the first marriage have appealed to this court.

In the case of *Smith, Trustee,* v. *Bell and Wife,* it was held that where the bequest was " to" and for her own use and disposal absolutely, and after her

decease to be for the use of Jesse Goodwin," that the wife of testator, the first taker, took an absolute estate, with unqualified power of disposition, which defeated the executory devise to said Jesse Goodwin: M. & Y., 303; 10 Yer., 290; 1 Cold., 227.

But in *Brown* v. *Hunt*, 12 Heis., 409, it is held "the power of disposition inconsitent with the devise over must be one given by the will, and not a mere incident at common law, to the estate given to the first taker": 5 Hum., 503; 1 Swan, 185.

So that the ordinary words conveying the absolute title, will not, without superadded words giving unlimited power of disposition, defeat an executory devise.

Testator, in the fifth clause of his will, directs that all the property, real and personal, of which his wife may die possessed, including any money she may leave, shall be equally divided amongst all his children.

And the sixth clause provides that if his wife should give to any of his children any part of the property or money he had given her, it should be accounted for on the settlement of his estate.

Clause sixth does not contain an unlimited power of disposition of the property testator had given his wife, but may more properly be regarded as a recognition of a power to make advancements to his children, and such a limited or special power, unless fully executed, would not defeat the limitation over.

In this will there is no such unqualified power of disposition, and the result is that the decree of the chancellor is erroneous, and must be reversed, and a decree entered here in conformity to this opinion, and

11—VOL. 11.

the cause will be remanded for further proceedings. The costs of this court will be paid by the executor, Jas. D. Read, executor of Chas. L. Read, deceased, out of the assets in his hands.